UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY SPEARS,

    Petitioner,

v.                                        Case No.:   2:22-cv-532-SPC-NPM

DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **OPINION AND ORDER**

Before the Court is Petitioner Gregory Spears' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1).  Spears challenges a conviction and 10-year prison sentence for assault and battery.

## **Background**

The State of Florida charged Spears with aggravated assault with a deadly weapon and battery, enhanced to a third-degree felony due to prior battery convictions.  Assistant Public Defenders Claudia Parsons and Travis Atkinson represented Spears.  The parties and the court agreed to bifurcate the trial and exclude evidence of Spears' prior battery convictions in the first phase.

Two eyewitnesses testified at the first phase of trial.  Marvin Cherry testified that he was hanging out at a house with Spears and Dawn Ashley on

July 23, 2017. The three left the house in Spears' car, with Spears driving and Ashley in the front passenger seat. During the drive, Spears and Ashley began arguing and yelling at each other. Ashley jumped out of the car and ran to a nearby house, and Spears followed. Cherry saw Spears strike Ashley. Spears then got back into his car and started driving at Ashley. Cherry jumped in front of the car, and Spears stopped and drove away. (Doc. 10-2 at 325-368).

Hicks testified that on July 23, 2017, she heard a woman yelling for help and a loud knocking at her door. Hicks opened the door and saw Ashley at her door and Spears yelling at Ashley from his car. Spears approached and started punching Ashley in the face. Spears left in his car but returned on foot ten to fifteen minutes later, charged at Ashley and Hicks, and grabbed Ashley. Hicks' husband and another man stopped Spears, and police arrived. (Doc. 10-2 at 369-82). Several police officers also testified about their observations of Spears, Ashley, and the crime scene.

The jury found Spears guilty of battery and assault, but not aggravated assault with a deadly weapon. (*Id.* at 578). After the second phase, the jury found that Spears had a prior battery conviction, enhancing the battery conviction to a third-degree felony. (*Id.* at 584). The court sentenced Spears to ten years in state prison. (*Id.* at 656). Spears' direct appeal and state collateral attacks were unsuccessful, and he timely filed the habeas petition currently before this Court.

**Applicable Habeas Law**

**A. AEPDA**

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 134 S. Ct. at 1702; *Casey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A

3

decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).

When reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). "A

4

state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux,* 138 S. Ct. 2555, 2558 (2018).

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.*

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden,* 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland,* 466 U.S. at 689). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Franks v. GDCP Warden,* 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting *Richter,* 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." *Id.* This is a "doubly

5

deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sealey*, 954 F.3d at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The critical question on federal habeas review is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021). All that matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." *Id.* (quoting *Knowles v. Mirazayance*, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." *Sealey*, 954 F.3d at 1355. And "[w]hile the *Strickland* standard is itself hard to meet, 'establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.'" *Id.* (quoting *Richter*, 562 U.S. at 105).

## Analysis

Spears asserts three grounds of ineffective assistance of counsel.

### A. Ground 1: Counsel failed to compel state witnesses to appear at depositions

Spears first argues his attorneys were ineffective because they failed to compel witnesses Cherry and Hicks to appear for depositions, which prevented counsel from impeaching their testimony. In a pretrial hearing the day before trial, attorney Parsons requested an opportunity to speak with any of the State's witnesses who failed to appear for depositions. She raised the issue again on the morning of trial. The court noted the defense made no request to compel the witnesses to attend depositions and made the strategic decision to demand a speedy trial instead of rescheduling depositions. The court discussed the issue with Spears and indicated it could continue the case if necessary. Spears agreed with the decision to demand a speedy trial rather than request a continuance—after a discussion about the State's intention to call Cherry and Hicks to testify, he said, "I'm still ready to proceed on the trial." (Doc. 10-2 at 81-88).

Spears changed his mind after a jury was selected and the witnesses showed up to testify. He requested a continuance, and the court denied it. (Id. at 235-36). However, his counsel was able to talk with Cherry and Hicks before

7

they took the stand, and Hicks had given police a sworn statement the defense could use for impeachment. (*Id.* at 294-95, 303-04).

The state postconviction court found that Spears failed to state a *Strickland* claim here:

> 32. To the extent that Defendant alleges that counsel was ineffective for failing to compel the depositions of the witnesses, a defendant's claim of ineffective assistance of counsel based on failure to depose a witness "must specifically set forth the harm from the alleged omission, identifying 'a specific evidentiary matter to which the failure to depose the witness would relate.'" *Davis v. State*, 928 So. 2d 1089, 1117 (Fla. 2005) (citations omitted). *See also Ferrell v. State,* 29 So. 3d 959, 969 (Fla. 2010); *Magill v. State,* 457 So. 2d 1367, 1370 (Fla. 1984); *Van Leer v. State,* 983 So. 2d 1228, 1230 (Fla. 5th DCA 2008). Defendant failed to "allege with particularity what these witnesses would have said had they been deposed or how their deposition testimony would have been different from their trial testimony." *Rosa v. State*, 27 So. 3d 230, 230-31 (Fla. 2d DCA 2010). Moreover, Defendant cannot demonstrate prejudice, since defense counsel did speak to Mr. Cherry and Ms. Hicks at trial prior to their testimony.
>
> 33. To the extend that Defendant alleges trial counsel demanded speedy trial against Defendant's wishes, counsel stated it was her trial strategy to demand speedy trial, and Defendant stated he was in agreement with that plan. During the November 3, 2017 hearing on the speedy trial demand, Defendant indicated to the Court that he was aware that trial counsel filed a demand for speedy trial and he was in agreement with the decision. He reiterated this at trial.
>
> 34. "[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." *Raleigh v. State*, 932 So. 2d 1054, 1064 (Fla. 2006). The Court notes that defense counsel's trial strategy appeared to rely on the State's witnesses not showing up to testify at the trial. Defendant indicated in his motion that Ms. Hicks

8

> stated she was not coming to trial, and that she old the State coordinator the same thing. The Court finds that defense counsel's actions were reasonable based on the circumstances and considering that at least one of the witnesses seemed to be uncooperative or unreliable.
>
> 35. Defendant had an opportunity to amend Ground 3, and failed to allege any facts that, if true, would establish either prong if *Strickland*. Therefore, Ground 3 is DENIED.

([Doc. 10-2 at 842-43](#)) (citations to the trial record omitted). The appellate court affirmed without a written opinion.

The postconviction court's rejection of this ground is a reasonable application of federal law, and the record supports it. First, the decision to proceed with a speedy trial was a strategic decision—Spears hoped one or both witnesses would not show up for trial. Under the *Strickland* standard, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy." *Lukehart v. Sec'y, Fla. Dep't of Corr.*, 50 F.4th 32, 47 (11th Cir. 2022) (internal quotation marks and citation omitted). The decision to demand a speedy trial was reasonable. The State relied almost entirely on the two eyewitnesses to prove its case, and its case would have been hamstrung if the witnesses had not shown up for trial. What is more, the record shows Spears understood the strategy and agreed with it.

Second, Spears fails to specifically explain how depositions might have helped him at trial. He speculates depositions could have been used to impeach

9

the witnesses, but he does not identify any particular parts of their testimony that could have been impeached. And as the state court observed, Spears has not shown how the witnesses' deposition testimony would have differed from their trial testimony. A habeas petitioner cannot establish prejudice under *Strickland* with mere speculation. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (explaining that conclusory allegations of ineffective assistance of counsel are insufficient to prove *Strickland* prejudice).

The state postconviction court did not err here. Spears failed to establish either prong of *Strickland*. He is not entitled to habeas relief on Ground 1.

### B. Ground 2: Counsel failed to prepare an adequate defense

Spears next claims his attorneys should have called Maria McCant to testify during the first phase of trial. At the sentencing hearing, McCant testified that on July 23, 2017, Spears gave her a ride to the supermarket, and Ashley was with them. McCant claimed Ashley started a fight by striking Spears, trying to stab him with a knife, and hitting him with a bottle. (Doc. 10-2 at 617-18). Spears argues his counsel should have used McCant's testimony to cast doubt on his guilt.

In his state postconviction motion, Spears argued McCant's testimony could have been used to impeach Cherry. The postconviction court found McCant's testimony inadmissible for that purpose under Florida law. The

10

court also explained why Spears was not prejudiced by the absence of McCant's testimony in the guilt phase:

> Further, regardless of any aggression by the victim earlier, at the time of the incident, Defendant was the aggressor and Defendant's actions of driving at the victim and punching her were not acts taken in self-defense. The evidence presented at trial showed that Mr. Cherry tried to get between the victim and Defendant's car as Defendant drove off the road towards the victim, and later he observed Defendant pull the victim's ponytail holder out of her hair and strike her. Ms. Hicks also observed Defendant punch the victim and pull her ponytail holder out of her hair. Officer Reed observed the tire tracks that left the road, went into the grass, and onto the sidewalk before returning to the roadway.

(Doc. 10-2 at 844-45). The state court found that Spears failed to establish either prong of *Strickland*.

The state postconviction court's rejection of this ground was reasonable under federal law. McCant's testimony did nothing to refute the evidence that Ashley was trying to get away from Spears when he repeatedly punched her and drove his car in her direction. Defense counsel's decision not to call McCant as a guilt witness was reasonable, and there is no reasonable probability that McCant's testimony in the guilt phase would have changed the outcome of Spears' trial. Spears indeed failed to establish either *Strickland* prong. Ground 2 is denied.

### C. Ground 3: Counsel failed to object to the state's use of two prior battery convictions

In the second phase of trial, the State established that Spears had two battery convictions from 2001, which enhanced the battery charge from a misdemeanor to a felony and exposed Spears to a lengthier prison sentence. Spears argues his counsel should have challenged those convictions on double jeopardy grounds. He does not provide any detail on the alleged double jeopardy violation here, but the state postconviction court explained and rejected this claim:

> 43…the Defendant alleges that trial counsel was ineffective for failing to object to the State's use of two prior 2001 battery convictions, one from May 8, 2001, and another from June 12, 2001, to enhance the battery charged in Count II of the Amended Information from a misdemeanor to a third degree felony. Defendant alleges that, as a result, his "5th Amendment right protecting him from double jeopardy[,] his 14th Amendment right to due process[,] and his 6th Amendment right to the effective assistance of counsel" were violated. In support of this claim, Defendant alleges that *both* of the prior battery convictions, from two separate 2001 Lee County cases, 01-MM-3813 (admitted as Exhibit 6 at trial), and 01-MM-6787 (admitted as Exhibit 5 at trial), are invalid on double jeopardy grounds. In each of those cases, as shown in Exhibits A and B of the Defendant's June 22, 2020, amended 3.850 motion, the Defendant was apparently convicted of violating injunctions for protection against domestic violence in conjunction with the misdemeanor battery convictions.
>
> 44. Citing *Young v. State*, 827 So.2d 1075 (Fla. 5th DCA 2002), which holds that double jeopardy prohibits separate convictions for violating an injunction for protection against repeat violence and a simple battery committed in the course of one criminal episode, the Defendant argues that he should not have been convicted of battery in either of his 2001 cases. Defendant also cites *Doty v.*

12

*State,* 884 So.2d 547 (Fla. 4th DCA 2004), which holds that sentencing a defendant on both a battery and a violation of a domestic violence injunction is a violation of the double jeopardy clause. The Defendant argues that his prior battery convictions "must be vacated." And the felony battery conviction in this case reduced to simple battery.

45. Defendant's reliance on *Young* and *Doty* is misplaced. Unlike the instant case, *Young* and *Doty* were direct appeals in the particular cases where those defendants had been convicted for separate charges of battery and violations of injunctions for protection in the same case. Neither *Young* nor *Doty* concerned attacks on *prior* convictions on double jeopardy grounds.

46. The State is correct when it argues that "[t]he Defendant may not utilize a postconviction motion in the instant case to attack his prior conviction in cases 01-MM-6787 and/or 01-MM-3813." The State cites to *Smith v. State,* 248 So.3d 188 (Fla. 1st DCA 2018), where the First District Court of Appeal held that a defendant could not challenge his Habitual Felony Offender sentence by attempting to attack the validity of a previous conviction under Rule 3.800. While not directly on point, the *Smith* opinion is instructive. There, the Court wrote:

> Appellant cannot challenge his Habitual Felony Offender sentence in an unrelated case by attempting to attack the 1996 *conviction* for burglary used to habitualize him under Florida Rule of Criminal Procedure 3.800. Appellant was required to move to vacate his 1996 conviction in a separate proceeding, filed under Florida Rule of Criminal Procedure 3.850, within two years of the date of his conviction became final. But a motion attacking the 1996 conviction would clearly be untimely at this point.

*Id.* at 189.

(Doc. 10-2 at 846-47). The court went on to explain that a double jeopardy objection to the 2001 battery convictions would have been overruled for two

reasons: "First, as discussed above, this Court is not the proper forum for Defendant's double jeopardy claims as to convictions in Defendant's 2001 misdemeanor cases. Second, Defendant's double jeopardy challenge to the 2001 convictions was procedurally time-barred well before the charges in the instant case." (*Id.* at 848).

The state court's rejection of this ground was reasonable under federal law. Spears does not contend the conviction he challenges here amounts to double jeopardy, and the state court found Spears' attack on the prior convictions barred by Florida law. Federal habeas courts "must defer to the state's construction of its own law" when an attorney's alleged failure turns on state law. *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). Such deference is especially important when considering *Strickland* claims because they can "drag federal courts into resolving questions of state law." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020). This Court thus accepts as correct the state postconviction court's determination that a double jeopardy objection would have been meritless under Florida law. Spears' attorneys cannot be deemed ineffective for failing to raise a meritless argument, and Spears was not prejudiced by its omission. Ground 3 is denied.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Spears has not made the requisite showing here and may not have a certificate of appealability on his Petition.

Accordingly, it is now

**ORDERED:**

Petitioner Gregory Spears' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 29, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

16